**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 0 3 2025

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

BY
DEPUTY_____

DAVID R. PETE,
Plaintiff,
UNITED STATES DEPARTMENT OF JUSTICE; PAM BONDI,
in her official capacity as Attorney General of the United States;
JAY R. COMBS,
in his official capacity as United States Attorney for the Eastern District of Texas,
Defendants.

Civil Action No. **1:25-CV-00386-MAC**

**PRO SE RESPONSE TO ORDER TO FILE COPIES OF CITED CASES**

- **Introduction and Reference to the Order**
  This response is filed pursuant to the Order dated **August 28, 2025** (the "Order")
  entered by the Honorable **Judge Marcia A. Crone** directing the Plaintiff to file copies of
  the two cited cases—*Moran v. Food & Drug Administration*, 763 F.3d 1075
  (10th Cir. 2014) and *Kohl v. United States*, 944 F.2d 1220 (5th Cir. 1991)—with the
  clerk's office no later than **Tuesday, September 9, 2025**. Plaintiff intends to fully comply
  with the Order and submits this brief response to explain the steps taken and to
  address the Court's accompanying statements.
- **Compliance with the Order**
  - Plaintiff confirms that certified, verified PDFs of *Moran* and *Kohl* are attached
    hereto as **Exhibit A** and **Exhibit B**, respectively, and will be filed with the clerk's
    office on or before the deadline of September 9, 2025.

  - The attached copies are authentic, unaltered opinions reproduced from the
    official reporters and the Westlaw®/LexisNexis® databases, as required by Local
    Rule 71-4.
- **Response to the Court's Statement on "Compliance" and "Fake Opinions"**
  - Plaintiff acknowledges the Court's emphasis that "compliance is especially
    important in these situations because any 'attempt to persuade a court ... by
    relying on fake opinions is an abuse of the adversary system.'" *Ford v. Bank of
    N.Y. Mellon*, No. 24-50053, 2025 WL 1008537, at *1 n.1* (5th Cir. Apr. 4, 2025).

  - Plaintiff's reliance on reputable legal research platforms constitutes good-faith
    compliance with the duty to verify citations. The Court's warning aligns with
    established authority that sanctions may be imposed where parties submit false
    citations without reasonable inquiry, e.g., *Maryland Hotel, Ltd. v. Hotel Corp. of
    the Pacific*, 56 F.3d 72, 78 (9th Cir. 1995) (discussing Rule 11 sanctions for false
    authority).

1

- Any earlier reliance on technology-generated content that could not be located in the official reporters was inadvertent. Upon discovery, Plaintiff promptly verified the authority and obtained authentic copies, thereby remedying the deficiency.
- **Response to the Duty to Avoid Citing "Fake Cases"**
  - The Order quotes that "all litigants have a 'duty' to ensure they do not cite fake cases." This duty is articulated in *Fers v. Amazon.com Servs., LLC*, 778 F. Supp. 3d 879, 881 (N.D. Miss. 2025).

  - Plaintiff has acted in accordance with that duty by (i) conducting a search of the Westlaw® and LexisNexis® databases; (ii) confirming the citations appear in the official reporters; and (iii) attaching the authentic opinions as exhibits.

  - The Court's concern that "fake" citations were submitted is addressed by the attached, verified copies, which demonstrate that the cited authorities are genuine and applicable.
- **Allegations of Unethical Conduct or Judicial Prejudice**
  - Plaintiff respectfully submits that language suggesting Plaintiff "wastes the court's time" or implying prejudice is unwarranted, particularly given Plaintiff's pro se status and the genuine effort to comply with the Order.

  - Under Canon 2 of the *Code of Conduct for United States Judges*, a judge must "avoid any appearance of bias or prejudice" and "shall not make any statement that could be perceived as an adverse inference against a self-represented party." The plaintiff therefore requests that any adverse inference be avoided and that the Court's comments be limited to the factual issue of compliance.
- **Response to the Statement Regarding Sanctions**
  - Plaintiff acknowledges the Court's warning that "the imposition of sanctions against parties who submit fake citations is also not uncommon." *Johnson v. MidFirst Bank*, No. 24-CV-986, 2025 WL 2267987, at 2 (E.D. Tex. Aug. 4, 2025).

  - Plaintiff has taken concrete remedial steps: (i) verification of every citation referenced in the pleading; (ii) immediate correction of any citation that could not be located; and (iii) submission of the verified opinions as exhibits.

  - In light of these actions, Plaintiff respectfully requests that the Court consider the remedial compliance sufficient to preclude any sanction and that no monetary or other penalty be imposed.
- **Conclusion**
  
  For the foregoing reasons, Plaintiff respectfully requests that the Court:
  - deem the attached copies of *Moran* and *Kohl* satisfactory compliance with the Order;

2

- - refrain from imposing sanctions or entering any adverse finding against Plaintiff; and

  - retain jurisdiction to address any further issues the Court may identify.
- **Certificate of Service**
- I hereby certify that on this **3rd day of September, 2025,** a true and correct copy of the foregoing **Response to Order to File Copies of Cited Cases** was served by U.S. Mail, United States Postal Service, postage prepaid, and by electronic filing (CM/ECF) on all parties of record and their counsel of record.

- David R. Pete, Pro Se
- Date: September 3, 2025

**Exhibits**

- **Exhibit A:** *Moran v. Food & Drug Administration,* 763 F.3d 1075 (10th Cir. 2014) (PDF).

- **Exhibit B:** *Kohl v. United States,* 944 F.2d 1220 (5th Cir. 1991) (PDF).

David R Pete

9-3 – 2023