| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| **DAVID R. PETE,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| versus § | **CIVIL ACTION NO. 1:25-CV-00386-** |
| § | **MAC** |
| **UNITED STATES DEPARTMENT OF** § | |
| **JUSTICE; PAM BONDI,** *in her official* § | |
| *capacity as* **ATTORNEY GENERAL of** § | |
| **the UNITED STATES; and JAY R.** § | |
| **COMBS,** *in his official capacity as* § | |
| **UNITED STATES ATTORNEY FOR** § | |
| **THE EASTERN DISTRICT OF TEXAS** § | |
| § | |
| **Defendants.** § | |

## MEMORANDUM AND ORDER

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters.  *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.  Now before the court is *pro se* Plaintiff David R. Pete's "Objections to the Honorable Marcia A. Crone's Order Adopting Report and Recommendation" (#12).

First, two points of law.  *One*: unlike with the reports and recommendations of United States magistrate judges, litigants cannot file "objections" to the orders of district judges.  Under this district's Local Rule CV-7(a)(4), however, litigants may ask the district court to "reconsider" its prior orders in a case.  The court therefore construes Plaintiff's filing as a motion for reconsideration of the court's order denying him *in forma pauperis* (*ifp*) status (#10).

*Two*: insofar as Plaintiff objects to the court's lifting of the stay entered pursuant to Eastern of District of Texas General Order (GO) 25-06, he misreads the law. Contrary to Plaintiff's assertion that "[a] single district judge does not possess the authority to unilaterally countermand a district-wide administrative order issued by the Chief Judge for the sound administration of the court," GO 25-06 grants such authority. Under GO 25-06, and as recited by the court in its order lifting the stay (#11), "in any particular case" the presiding district judge is permitted "to vary the effect or operation of this General Order." Further, since no party is yet "represented of record" by any United States attorney, GO 25-06 does not apply to this case. (#11); E.D. TEX. GEN. ORD. 25-06. Lifting the stay was not, to quote Plaintiff, "an ultra vires act [or] a clear abuse of discretion." (#12.)

Returning to Plaintiff's construed motion for reconsideration, "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Instead, motions for reconsideration of "any order or other decision that does not end the action" are analyzed under Federal Rule of Civil Procedure 54(b). *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (referencing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336–37 (5th Cir. 2017)). The Rule 54(b) approach is "flexible" and allows the "district court to afford such relief from interlocutory judgments as justice requires" without the "heightened standards for reconsideration governing final orders." *Austin*, 864 F.3d at 337. Under this Rule, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* at 336.

Here, after reconsideration, the court remains satisfied with its previous ruling. On October 10, 2025, this court denied (#10) *pro se* Plaintiff David R. Pete's *ifp* motion (#2) and

2

ordered him to pay the court's $405 filing fee within 10 days to avoid dismissal. The court ordered Plaintiff to pay the filing fee primarily because it found his Complaint "fanciful" under 28 U.S.C. § 1915(d), based on Plaintiff's assertions that the Department of Justice and two of its officers owe him $300 billion. *Neitzke v. Williams*, 490 U.S. 319, 324, 328 (1989). The court maintains that these claims are "delusional," and is still content with its choice to allow Plaintiff a chance to pay the filing fee instead of dismissing the case outright under § 1915. *Id*.

Moreover, the court declines to modify its order because Plaintiff made false statements to this court. Earlier in this litigation, the court faulted Plaintiff for using artificial intelligence (AI) in preparing his filings because Plaintiff cited two AI-hallucinated cases in his earlier objections (#3). As a consequence, the court ordered him to provide copies of those cases. (#6). Plaintiff responded (#7), "confirm[ing] that" he attached "certified, verified" copies of those cases. But Plaintiff did not—and has not—provided any copies of any cases to the court. To make matters worse, Plaintiff now attempts to fault the court for having "no mention, analysis, or reference to th[ose] cases" in its order denying his *ifp* motion. (#12 at 2.) For these reasons, Plaintiff's construed motion for reconsideration is **DENIED**.

Plaintiff's continued filing of objections or motions related to this court's order regarding the filing fee will not delay the prosecution of this case any further. If Plaintiff fails to pay the $405 filing fee by November 14, 2025, this court will dismiss this action under Rule 41(b) for failure to comply with a court order.

SIGNED at Beaumont, Texas, this 5th day of November, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE